## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release ("**Agreement**") is made and entered into by Customer Gladys Joseph ("**Customer**") and Ditech Financial LLC f/k/a Green Tree Servicing LLC ("**Ditech**") as of the date the first party signs (the "**Effective Date**"). The Ditech and Customer are collectively the "**Parties**," and each individually is a "**Party**."

## RECITALS

This Agreement is entered into with reference to the following facts and recitals which are true to the best of the Parties' knowledge and belief, and are made part of this Agreement:

WHEREAS, Customer resides at real property located at 1904 Ewing Estates, Dacula, Georgia 30019 (the "**Property**");

WHEREAS, on or about June 23, 2006, Customer obtained a residential mortgage loan ("**the Loan**") from Bank of America, N.A., executed the Promissory Note (the "**Note**") and secured by the Property under a Security Deed in favor of Bank of America, N.A. (the "**Security Deed**");

WHEREAS, Ditech is the current servicer of the Loan (Ditech Loan No. XXXX0941);

WHEREAS, a dispute has arisen between the Parties concerning Ditech's alleged failure to credit Customer's payments to her account and other allegations related to servicing associated with this alleged failure (the "Dispute");

WHEREAS, the Parties agree that it is in their mutual interests to avoid the uncertainty and expense of the Dispute by reaching a settlement and accommodation of the certain matters encompassed herein, without any admission of law or fact.

NOW, THEREFORE, in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties covenant and agree as follows:

## TERMS AND RELEASES

1. **SETTLEMENT PROVISIONS**

    A. **Agreement Execution.** Within five (5) business days from the date of request by Counsel for Ditech, Customer shall execute two original counterparts of this Agreement and deliver a completed IRS Form W-9 for Customer and any/all Payee(s) to Counsel for the Ditech identified below.

Confidential Settlement Agreement:  GLADYS JOSEPH

B. **Payment by Ditech**. Ditech shall pay ONE THOUSAND FIVE HUNDRED dollars and ZERO cents ($1,500.00) to "Gladys Joseph" ("**Payee**") within thirty (30) business days ("**Ditech Payment**") of the <u>later</u> of the following events: (1) Ditech's Counsel's receipt of Customer's executed copy of the Agreement; or (2) Ditech's Counsel's receipt of the required accurately completed IRS Form W-9 pursuant to Paragraph 1.A of the Settlement Provisions as set forth above. The Ditech Payment shall be delivered to: Paul J. Sieg, 2751 Buford Highway, Suite 600, Atlanta, Georgia 30324.

C. **Credit Reporting.** Ditech shall submit a written or electronic Universal Data Form (or similar request) to the credit reporting agencies to which it customarily reports requesting that the credit reporting agencies update the tradeline for Ditech loan number 50826817 so as to delete past credit reporting. If Customer discovers credit reporting agencies have not updated the tradeline for Ditech loan number 50826817, Customer promptly will notify Ditech in writing, so that Ditech may reiterate its request to the credit reporting agencies to update the tradeline for Ditech loan number 50826817. Customer acknowledges and agrees that the credit reporting agencies are separate entities from Ditech and that Ditech cannot guarantee, warrant, or take responsibility for the performance of the credit reporting agencies in changing, deleting, or making entries in relation to any credit information. Customer warrants, declares, and covenants that he understands the limitations on Ditech in this regard and that any action or inaction on the part of the credit reporting agencies shall not constitute a breach of this Agreement by Ditech, nor shall it provide the basis for any claims against Ditech, which claims are hereby specifically and expressly waived, discharged and released. Customer's only remedy for any failure to report on the Loan as set forth under this provision is to request Ditech to re-submit the request to the credit reporting agencies.

D. **Account Status as Current**. The Parties agree that the account is currently past due in the amount of $8,715.73. Ditech agrees to accept the February 2018 payment and the March 2018 payment and mark both as received on the due date. Further, Ditech will bring the account current and due for the April 2018 payment. To the extent late fees or inspection fees have been assessed to the account, they will be waived. Borrower shall be responsible for making her May 2018 mortgage payment and all future payments due under the Loan.

E. **Payment is Consideration**. The Ditech Payment and forgiveness of any past due balance on the account in order to bring the account current and due for the April 20-18 payment are the consideration for this Agreement and the terms herein, including but not limited to the release.

F. **Customer's Release.** For consideration of the Ditech Payment, the receipt and sufficiency of which is hereby expressly acknowledged, the Customer for herself and each of her present and former heirs, executors, administrators, partners, co-obligors, co-guarantors, guarantors, sureties, family members, spouses, attorneys, insurers, agents, representatives, predecessors, successors, assigns and all those who claim

Confidential Settlement Agreement: GLADYS JOSEPH

through them or could claim through them (collectively "**Releasors**") unconditionally and irrevocably remise, waive, satisfy, release, acquit, and forever discharge Ditech and each of its present, former, and future parents, predecessors, successors, assigns, assignees, affiliates, subsidiaries, divisions, departments, subdivisions, owners, partners, principals, members, trustees, creditors, shareholders, members, joint ventures, co-venturers, officers and directors (whether acting in such capacity or individually), attorneys, vendors, accountants, nominees, agents (alleged, apparent or actual), representatives, employees, managers, administrators, and/or each person or entity acting or purporting to act for them or on their behalf, as well as any past, present or future person or any entity that held or holds any interest in the Loan, including the underlying Note and Security Deed (collectively the "**Releasees**"), and each of them respectively, from and against any and all past and present claims, counterclaims, actions, defenses, affirmative defenses, suits, rights, causes of action, lawsuits, set-offs, costs, losses, controversies, agreements, promises and demands, or liabilities, of whatever kind or character, direct or indirect, whether known or unknown or capable of being known, whether existing now or to come into existence in the future, arising at law or in equity, by right of action or otherwise, including, but not limited to, suits, debts, accounts, bills, damages, judgments, executions, warranties, attorneys' fees, costs of litigation, expenses, claims and demands whatsoever that the Releasors, or their attorneys, agents, representatives, predecessors, successors and assigns, have or may have against the Releasees, for, upon, or by reason of any matter, cause or thing, whatsoever, in law or equity, including, without limitation, the claims made or which could have been made by the Customer arising from the origination or servicing of the Loan (in any manner) as well as in any way related to the underlying Property, Note, and/or Security Deed, any servicing act or omission thereon as well as any claim or issue which was or could have been brought in relation to the Dispute as of the date of this Agreement (collectively "**Released Matters**").

G. **Confidentiality and Notices**. As a material inducement and an indivisible part of the consideration to be received by the Customer to enter into this Agreement, the Customer agrees that it is appropriate to maintain the allegations made in the Dispute, any discovery exchanged between the Parties in the Dispute, this Agreement, the terms of this Agreement, and the settlement provided for herein (collectively the "**Information**") as confidential on a going forward basis as of the Effective Date of this Agreement. Toward that end, the Customer agrees that he and his attorneys will neither disclose nor reveal to any person or entity or directly or indirectly publish, publicize, disseminate or communicate to any person or entity the Information on a go forward basis as of the date of this Agreement, including but not limited to a prohibition on the Customer posting or otherwise disclosing Information on the Internet or any other paper or electronic media outlet (including but not limited to news organizations websites or newspapers, email, Facebook, MySpace, Twitter, *etc.*). The only permitted disclosure of Information hereunder is to the persons or entities specifically identified in subparagraphs (i)-(v) below.

Confidential Settlement Agreement:  GLADYS JOSEPH

i) The Customer may provide a copy of this Agreement and/or describe the terms and conditions of this Agreement within any lawsuit before a United States court of competent jurisdiction only in response to a Court order to that effect. The Customer further agrees that, to the extent she or her attorneys receive legal process designed to disclose any Information deemed confidential under this Agreement, the Customer will provide advance written notice to counsel for Ditech (*see* Section 2.H of this Agreement) within three (3) business days of receiving such subpoena, court order or other legal process, so that Ditech has the option of taking steps to protect the confidentiality of this Agreement, its terms or any Information deemed confidential under this Agreement;

ii) The Customer's attorneys, financial advisors, accountants, and other professional advisors who have access to Information of this type in order to perform their duties, and/or with whom the Customer may consult regarding any aspect of this Agreement, provided that such persons or entities agree to maintain this Agreement, the terms of this Agreement and the settlement provided for herein as confidential;

iii) The Customer may provide a copy of this Agreement and/or describe the terms and conditions of this Agreement to any investor, servicer or sub-servicer with respect to the Loan, and any trustee, beneficiary or nominee (including their successors or assigns) identified in the Note, Security Instrument or any assignment thereof pertaining to the Loan, provided that such persons or entities first agree to maintain this Agreement, the terms of this Agreement, and the settlement provided for herein as confidential;

iv) Federal, state and local taxing authorities (such as, for example, the United States Internal Revenue Service), as necessary in tax returns or other tax reporting documents, and/or in response to an audit or similar inquiry; and/or

v) A Court of competent jurisdiction to enforce this Agreement and/or maintain its confidentiality (any such proceeding to be filed under seal if possible).

H. **Non-Disparagement**. Releasors and their Counsel will not, directly or indirectly, make any negative or disparaging statements against the Releasees maligning, ridiculing, defaming, or otherwise speaking ill of the Releasees, and their business affairs, practices or policies, standards, or reputation (including but not limited to statements or postings harmful to the Releasees' business interests, reputation or good will) in any form (including but not limited to orally, in writing, on social media, internet, to the media, persons and entities engaged in radio, television or Internet broadcasting, or to persons and entities that gather or report information on trade and business practices or reliability) that relate to this Agreement, Information (as defined above) and the factual allegations made in the Dispute or any matter covered by the release within this Agreement. Nothing in the Agreement shall, however, be deemed to interfere with each party's obligation to report transactions with appropriate governmental, taxing and/or registering agencies.

Confidential Settlement Agreement: GLADYS JOSEPH

1. **Excluded Claims.** This Agreement does not apply to any separate continuing contractual and/or equitable obligations as may currently exist between or among the Parties, including, for example, existing loans encumbering other Property of Customer. For purposes of this provision, "Parties" shall include Ditech and its parents, subsidiaries and/or its affiliated entities.

2. **ADDITIONAL TERMS**

   A. **Adequate Consideration.** The consideration received in connection with this Agreement is fair, adequate, and substantial and consists only of the terms set forth in this Agreement.

   B. **Covenant Not to Sue.** Customer agrees that he will not initiate, participate in, file or assert any action, proceedings, lawsuit, claim or cause of action (whether common law, statutory, federal, legal or equitable) against Ditech for any event, transaction, or occurrence related to or arising from the subject matter of this Agreement, effective upon performance by each party to this Agreement of all of their obligations hereunder. This covenant not to sue is intended to have the broadest interpretation possible and shall absolutely prohibit Customer from any further action against Ditech related to or arising from the subject matter of the Dispute and Released Matters. If Customer hereafter brings any suit or claim against Ditech in breach hereof, Customer shall pay to Ditech all damages caused thereby, together with attorneys' fees incurred in defending or otherwise responding to said suit or claim. This covenant does not prohibit Customer from bringing suit against the Releasees to enforce Ditech's obligations contained herein.

   C. **Further Assurances.** Each Party agrees to take all reasonable steps necessary to effectuate the terms of this Agreement.

   D. **No Admission of Liability.** Each of the Parties understands and agrees that this Agreement and the settlement provided for herein, are intended to compromise disputed claims and defenses, to avoid litigation and to buy peace, and that this Agreement and the settlement provided for herein shall not be construed or viewed as an admission by any Party of liability or wrongdoing, such liability being expressly denied. This Agreement, and the settlement provided for herein, shall not be admissible in any lawsuit, administrative action, or any judicial or administrative proceeding if offered to show, demonstrate, evidence or support a contention that any of the Parties acted illegally, improperly, or in breach of law, contract or proper conduct.

   E. **Waiver.** The failure of Customer to demand from Ditech performance of any act under the Agreement shall not be construed as a waiver of Customer's right to demand, at any subsequent time, such performance. The failure of Ditech to demand from Customer performance of any act under the Agreement shall not be construed as a waiver of Ditech's right to demand, at any subsequent time, such performance.

Confidential Settlement Agreement:  GLADYS JOSEPH

F. **Tax Consequences.** Customer understands and agrees that Ditech may be required to report this Agreement, the payment referenced in paragraph 1.B. above and/or other matters relating to the Loan or the Property to the Internal Revenue Service or other taxing authority. The Customer agrees that if it is later determined by the Internal Revenue Service or any other taxing body that taxes of any type should have been paid in connection with any benefit he receives pursuant to this Agreement, she will be solely responsible for paying such taxes. Ditech makes no representations or warranties regarding the legal effect or tax consequences of this Agreement, or of any such filing or reporting by Ditech. The Customer further expressly acknowledges that she neither received nor relied upon any tax advice from the Ditech or its representatives and attorneys.

G. **Choice of Law.** This Agreement shall be construed in accordance with and all disputes hereunder shall be controlled by the laws of the State of Georgia without regard to that State's choice of law rules.

H. **Ditech's Counsel.** As used in this Agreement, the phrase "**Ditech's Counsel**" means Marlee J. Waxelbaum, Troutman Sanders LLP, Bank of America Plaza, Suite 5200 600 Peachtree Street, N.E., Atlanta, Georgia 30308.

I. **No Interpretation of Captions or Headings.** The captions and headings within this Agreement are for ease of reference only and are not intended to create any substantive meaning or to modify the terms and clauses either following them or contained in any other provision of this Agreement.

J. **Severability.** If any provision of the Agreement or the application thereof is held invalid by a court, arbitrator or government agency of competent jurisdiction, the Parties agree that such a determination of invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provisions and thus shall remain in full force and effect or application.

K. **Neutral Interpretation and Counterparts.** The Parties shall be deemed to have cooperated in the drafting and preparation of this Agreement. Hence, any construction to be made of this Agreement shall not be construed against any Party. This Agreement may be executed in counterparts and each executed counterpart shall be effective as the original. All faxed, emailed, or electronic signatures affirming this Agreement constitute an original signature.

L. **Integration / Single Agreement.** This Agreement constitutes a single, integrated, written contract expressing the entire understanding and agreement between the Parties, and the terms of the Agreement are contractual and not merely recitals. There is no other agreement, written or oral, expressed or implied between the Parties with respect to the subject matter of this Agreement and the Parties declare and represent that no promise, inducement or other agreement not expressly contained in this Agreement has been made conferring any benefit upon them or upon which they have

Confidential Settlement Agreement:   GLADYS JOSEPH

relied in any way. The terms and conditions of this Agreement may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement. This provision does not apply either to any other business relations between the Parties not related to the subject matter of the release with this Agreement or to the Loan(s), Note, Security Deed and/or Mortgage at issue herein unless otherwise they have been invalidated or modified by the terms of this Agreement.

M. **Amendments to the Agreement**. This Agreement shall not be altered, amended or modified by oral representation made before or after the execution of this Agreement. All amendments or changes of any kind must be in writing, executed by all Parties.

N. **Negotiations**. All negotiations have been conducted in English. If necessary, Customer has had this document translated by a translator of Customer's choice to Customer's satisfaction. Customer represents and warrants that Customer has had all terms explained to Customer and that by signing below Customer fully understands and agrees to them.

O. **Authority**. Customer represents and warrants that she has not sold, transferred, conveyed, assigned, or otherwise disposed of any right, title or interest in any of the Released Matters herein to any person or entity, and that Customer is not aware of any other person or entity who may have or who has asserted or can assert a right, title, or interest in any of the Released Matters covered by this Agreement. Customer further affirms that she is fully capable of executing this Agreement and understands its contents and further that she has legal counsel of her own choice or that she has had an opportunity to obtain such legal counsel to explain the legal effect of signing this Agreement.

P. **Advice of Counsel**. Each Party to this Agreement acknowledges that it has had the benefit of advice of competent legal counsel or the opportunity to retain such counsel with respect to its decision to enter into this Agreement. The individuals whose signatures are affixed to this Agreement in a personal or representative capacity represent that they are competent to enter into this Agreement and are doing so freely and without coercion by any other Party or non-party hereto.

Q. **Successors**. This Agreement shall inure to the benefit of the respective heirs, successors, and assigns of the Parties and each and every one of the Releasees shall be deemed to be intended third-party beneficiaries of this Agreement.

R. **Attorneys' Fees**. Unless otherwise expressly set forth herein, each of the Parties shall bear its own attorney's fees, costs, and expenses in connection with the matters set forth in the Agreement, including, but not limited to, the Dispute and the negotiations and preparation of this Agreement. However, if any Party institutes legal proceedings over the enforcement of this Agreement or any provision of it, the prevailing Party shall be

    entitled to recover from the losing Party its costs, including reasonable attorneys' fees, at both the trial and appellate levels.

S. **Waiver of Trial by Jury.** The Parties knowingly, voluntarily, and intentionally waive the right they may have to a trial by jury in respect to any litigation based hereon, or arising out of, under or in connection with this Agreement, any document contemplated to be executed, or any underlying matter, course of dealing, statement (whether verbal or written), or action of the Parties.

T. **Other Accounts / Future Events.** The Parties understand and agree that this Agreement shall not, under any circumstances, be deemed to prohibit Ditech (or any other person or entity) from continuing to take any actions with regard to any other mortgage, credit, or account obtained by Customer from Ditech and/or serviced by Ditech, including but not limited to such actions as acceleration and foreclosure as may be appropriate in the event of a future default on any other mortgage or credit obtained by Customer from Ditech. To the extent that this Agreement keeps the Loan and underlying Note and/or Security Deed in force (as modified or otherwise herein), this Agreement shall not alter the rights, duties, and obligations of said Loan by the Parties, including but not limited to such actions as acceleration and foreclosure as may be appropriate in the event of a future default.

U. **Future Correspondence.** During the Dispute, Ditech changed Customer's mailing address to that of her attorney and/or designated representative. Upon the Effective Date of this Agreement, all future correspondence will be sent to the Customer's property address or the following approved mailing address:

Gladys Joseph
1904 Ewing Estates
Dacula, Georgia 30019

IN WITNESS WHEREOF, the Parties hereto evidence their agreement as a sealed instrument and have executed this Agreement as of the day and year first below written.

**CUSTOMER GLADYS JOSEPH**

_Gladys Joseph_
(Signature)

County of __Douglas__ in the State of __Georgia__. On this, the __3rd__ day of __April__, 2018, before me a notary public, the undersigned officer, personally appeared __Gladys Joseph__, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained. In witness hereof, I hereunto set my hand and official seal.

(Seal)

_Adam Hunt_
Notary Public
My Commission Expires: March 21, 2021

Confidential Settlement Agreement: GLADYS JOSEPH

**DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC**

_____

By:_____
Title:_____
Date:_____

County of _____ in the State of _____. On this, the _____ day of _____, 2018, before me a notary public, the undersigned officer, personally appeared _____, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained. In witness hereof, I hereunto set my hand and official seal.

(Seal)

                                                              _____
                                                              Notary Public
                                                              My Commission Expires:_____